FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

NOV 1 0 2010

JAMES N. HATTEN, Clerk
By: /s/ [signature]
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIE JAMES TERRELL, JR., Booking No. 0610258, Plaintiff, | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | CIVIL ACTION NO. 1:10-CV-3015-TWT |
| ATLANTA JUDICIAL CIRCUIT; et al., Defendants. | |
| WILLIE JAMES TERRELL, Booking No. 0610258, Plaintiff, | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | CIVIL ACTION NO. 1:10-CV-3016-TWT |
| CRAIG L. SCHWALL, et al., Defendants. | |

## ORDER AND OPINION

Plaintiff seeks leave to file these civil rights actions without paying the $350.00 filing fee. According to Subsection (g) of 28 U.S.C. § 1915, a prisoner is prohibited from bringing a civil action in federal court in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

This Court's records indicate that Plaintiff has filed numerous complaints and appeals, the following of which were dismissed prior to service of process as frivolous: Terrell v. Grady Mem'l Hosp., Civil Action No. 1:08-CV-3931-TWT (N.D. Ga.); Terrell v. Fulton County, Civil Action No. 1:09-CV-513-TWT (N.D. Ga.); and Terrell v. Grady Mem'l Hosp., Appeal No. 09-130770D (11th Cir.).

Furthermore, this Court finds no indication that Plaintiff is "under imminent danger of serious physical injury."[1] Accordingly, leave for Plaintiff to proceed in forma pauperis in both of the above-referenced actions is hereby **DENIED.**

According to the Eleventh Circuit, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave

---

[1] Plaintiff's claim in Terrell v. Schwall, Civil Action No. 1:10-CV-3016-TWT that he was assaulted by police officers in the past is not sufficient to constitute imminent danger. See See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute."); Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) (stating that past danger is not imminent).

to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner . . . must pay the filing fee at the time he initiates the suit." <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

**IT IS THEREFORE ORDERED** that the instant actions are hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this _10_ day of _Nov._, 2010.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

3